No. 14-20112

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

EAST TEXAS BAPTIST UNIVERSITY, *et al.*,

*Plaintiffs-Appellees*,

WESTMINSTER THEOLOGICAL SEMINARY,

*Intervenor-Plaintiff-Appellee*,

v.

SECRETARY KATHLEEN SEBELIUS, *et al.*,

*Defendants-Appellants*.

# APPELLEES' AND INTERVENOR'S JOINT OPPOSITION TO APPELLANTS' MOTION TO CONSOLIDATE APPEALS IN PART

# RULE 28.2.1 CERTIFICATE OF INTERESTED PERSONS

(1) Appeal No. 14-20112, *East Texas Baptist University et al. v. Kathleen Sebelius, et al.*

(2) The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

East Texas Baptist University (Plaintiff-Appellee)

Houston Baptist University (Plaintiff-Appellee)

Eric Rassbach (counsel for Plaintiffs-Appellees)

Diana Verm (counsel for Plaintiffs-Appellees)

The Becket Fund for Religious Liberty (counsel for Plaintiffs-Appellees)

James Zucker (counsel for Plaintiffs-Appellees)

Reagan Simpson (counsel for Plaintiffs-Appellees)

Yetter Coleman LLP (counsel for Plaintiffs-Appellees)

Westminster Theological Seminary (Intervenor-Plaintiff-Appellee)

Kenneth Wynne (counsel for Intervenor-Plaintiff-Appellee)

Wynne & Wynne LLP (counsel for Intervenor-Plaintiff-Appellee)

Kathleen Sebelius (Secretary of Health and Human Services; Defendant-Appellant)

United States Department of Health and Human Services (Defendant-Appellant)

Thomas Perez (Secretary of Labor; Defendant-Appellant)

United States Department of Labor (Defendant-Appellant)

Jacob Lew (Secretary of Treasury; Defendant-Appellant)

United States Department of Treasury (Defendant-Appellant)

Jacek Pruski (counsel for Defendants-Appellants)

Daniel Hu (counsel for Defendants-Appellants)

Adam Jed (counsel for Defendants-Appellants)

Alisa Klein (counsel for Defendants-Appellants)

United States Department of Justice (counsel for Defendants-Appellants)

                         /s/ *Eric C. Rassbach*
                         Eric C. Rassbach
                         Attorney of record for Plaintiffs-Appellees East Texas Baptist University and Houston Baptist University

Dated: March 31, 2014

Appellees East Texas Baptist University and Houston Baptist University and Intervenor-Appellee Westminster Theological Seminary oppose the government's motion to consolidate. The appeals present significantly different fact patterns and involve different arguments. Because of those differences, consolidation would both affect the merits and create significant logistical difficulties. Denying consolidation and granting the Petition for Initial Hearing *En Banc* pending in this appeal is the better course.

***The cases are different.*** Although the appeals do arise from a common source—the government's imposition of a mandate that religious institutions provide health coverage to their employees that includes various contraceptives—the similarities end there. There are several important differences. First, the religious objections at issue are different. The plaintiffs (including Intervenor) in this appeal are Protestant institutions that do not object to contraception generally, but to only four out of twenty forms of government-mandated contraception coverage. The plaintiffs in *University of Dallas v. Sebelius,* No. 14-10241 (5th Cir.), and *Catholic Diocese of Beaumont v. Sebelius*, No. 14-40212 (5th Cir.), are Catholic, and therefore object to all twenty forms of

1

contraception and sterilization required by the Mandate. These theological differences will likely be relevant both to the nature of the sincere religious exercise at issue and the government's strict scrutiny affirmative defense.

Second, the insurance programs at issue are different. The plaintiffs in *Catholic Diocese of Beaumont* are an exempt Catholic Diocese and a small non-profit covered under the Diocese's church plan.[1] The University of Dallas is covered by a self-funded insurance plan. HBU is self-insured through a church plan for Protestant employers, operated by GuideStone, an arm of the Southern Baptist Convention.[2] ETBU is self-insured, but not through a church plan. Westminster is insured through a Pennsylvania-based third-party insurer. Each plan provides different sorts of health coverage for employees.

---

[1] A "church plan" is a benefit plan established by a church or a convention or association of churches. The plan covers the employees of those churches, and organizations controlled by or associated with the churches. *See* 29 U.S.C. § 1002(33); 29 U.S.C. § 414(e). Unless they choose otherwise, church plans are exempt from regulation under ERISA. 29 U.S.C. § 1003(b)(2).

[2] GuideStone received a preliminary injunction in a case now on appeal before the Tenth Circuit. *See Reaching Souls International v. Sebelius*, No. 5:13-cv-1092-D, 2013 WL 6804259 (W.D. Okla. Dec. 20, 2013).

Third, the procedural postures are different. Judge Rosenthal granted a permanent injunction as to the RFRA claim in this appeal, and Judge Clark granted a permanent injunction in *Diocese of Beaumont*. But the District Court in *University of Dallas* has so far granted only a preliminary injunction, and the rest of the plaintiffs in that case are exempt organizations not addressed in the order granting the injunction.

***Consolidation goes to the merits.*** These important differences underlie an even more significant issue—this is the rare occasion where consolidation has implications for the merits of the appeal. The law at issue in this case, the Religious Freedom Restoration Act, requires that the government bear its burden in reference to each individual case that arises. *Gonzales v. O Centro Espirita Beneficente Uniao do Vegetal*, 546 U.S. 418, 430-31 (2006) (government must satisfy RFRA strict scrutiny "to the person"); *Korte v. Sebelius*, 735 F.3d 654, 685 (7th Cir. 2013) (the court must scrutinize the "harm of granting specific exemptions to particular religious claimants"); *East Texas Baptist Univ. v. Sebelius*, No. 12-cv-3009, 2013 WL 6838893, *23 (S.D. Tex. Dec. 27, 2013), (same). Yet the government's consolidation request would throw all of

these diverse plaintiffs, whom the core statute requires be addressed distinctly, into a single hopper. Since the Religious Freedom Restoration Act demands case-by-case adjudication of claims, consolidation would run counter to the logic of the Act.

***Logistical difficulties.*** Consolidation also makes little logistical sense. Consolidated briefing—even on one side—will make this appeal, as well as the others, more complicated, not less. For example, as the losing party below, the government would file a single consolidated appendix. The Appellees in this appeal are not familiar with the records in the other appeals, and having to address those facts in this case would complicate Appellees' briefing. Moreover, the volume and complexity of such an appendix would make the factual record far more difficult for the Court to handle, especially because of the differences among the parties.

By contrast, the burden on the government in filing separate briefs in separate appeals is negligible. If the government wishes to present identical or almost-identical arguments in each appeal, nothing prevents it from doing so in separate briefs. Nor is there a significant

burden on the government in simply using the cut-and-paste function on its computers, if that is how it would prefer to brief these appeals.

With respect to argument, one can see why the government might want to have a single person arguing on its side while the other side has to divide argument among at least three separately-represented parties. But that sort of oral argument would be far less likely to help the Court and would unduly harm the various plaintiffs' ability to make their arguments.

The only other Court of Appeals to consider a contested motion to consolidate in a parallel case denied it earlier today. *See* Order denying motion to consolidate, *Little Sisters of the Poor Home for the Aged v. Sebelius*, No. 13-1540 (10th Cir. Mar. 31, 2014) (*en banc*) (attached).[3] The *en banc* Tenth Circuit stated that the appeals "will brief separately and will have separate appendices. The separate briefing will apply with respect to the opening briefs, the response briefs and the optional reply briefs. Likewise, the appeals will not be joined for a single oral argument hearing. The court will decide at a later date whether the

---

[3] Counsel for ETBU and HBU represent Little Sisters of the Poor in that appeal.

same panel of judges will hear the matters . . . ." *Id.* This is the sensible course here.

**This appeal should be set for initial hearing *en banc*.** As set forth in Appellees' unopposed Petition for Initial Hearing *En Banc*, Appellees and Intervenor-Appellee maintain that the most efficient way to resolve the appeals now before the Court (and any future appeals regarding the government's contraceptive mandate arising in the Fifth Circuit) is to hold an initial, unconsolidated *en banc* hearing to decide this appeal. Appellees' Petition for Initial Hearing *En Banc* (filed March 14, 2014) at 14. That will allow the Court to ensure the consistency and uniformity of this Court's decisions in an efficient way—the Court can speak with one voice at one time. *Id.* Such a course is particularly appropriate in light of the exceptional importance of the issue presented and the fact that similar issues are currently pending before multiple Courts of Appeals, and the fact that a related question is currently pending at the Supreme Court. *Sebelius v. Hobby Lobby Stores, Inc.*, No. 13-354; *Conestoga Wood Specialties Corp. v. Sebelius*, No. 13-356 (argued March 25, 2014). At oral argument, Chief Justice Roberts noted that the questions at issue in this case are currently being "hotly

litigated." Transcript of Oral Argument at 71, *Hobby Lobby & Conestoga Wood*, Nos. 13-354 & 13-356, *available at* http://www.supremecourt.gov/oral_arguments/argument_transcripts/13-354_5436.pdf.

This case is the best vehicle for deciding the issue at hand because it presents uncomplicated facts. The Universities and Westminster have similar religious beliefs and thus similar religious claims. More importantly, this case offers the lead opinion of the various district courts below. *University of Dallas* and *Catholic Diocese of Beaumont* both expressly followed Judge Rosenthal's opinion. *Catholic Diocese of Beaumont v. Sebelius*, 1:13-cv-709, 2014 WL 31652, at *1 (E.D. Tex. Jan. 2, 2014); Order at 5, *Roman Catholic Diocese of Fort Worth v. Sebelius*, No. 4:12-cv-00314 (N.D. Tex. Dec. 31, 2013). Moreover, a merits panel of the Seventh Circuit singled out Judge Rosenthal's opinion and expressly criticized it: *Univ. of Notre Dame v. Sebelius,* No. 13-3853 2014 WL 687134, at *7 (7th Cir. Jan. 21, 2014).[4]

---

[4] The Tenth Circuit denied an *en banc* hearing request in the *Little Sisters* case earlier today. Order denying petition for hearing *en banc*, *Little Sisters of the Poor Home for the Aged v. Sebelius*, No. 13-1540 (10th Cir. Mar. 31, 2014) (*en banc*).

7

\* \* \*

Because this appeal presents the best vehicle for *en banc* review, and because the cases are not well-suited for consolidation, the Appellees and Intervenor-Appellee respectfully request that the Court deny the government's motion to consolidate and grant the Petition for Initial Hearing *En Banc*.

Respectfully submitted,

Dated: March 31, 2014
/s/ *Eric C. Rassbach*
Eric C. Rassbach
Diana M. Verm
The Becket Fund for Religious Liberty
3000 K Street, N.W., Suite 220
Washington, D.C. 20007
(202) 955-0095
erassbach@becketfund.org

Reagan W. Simpson
James E. Zucker
Yetter Coleman, LLP
909 Fannin Street
Suite 3600
Houston, TX 77010
(713) 632-8075
jzucker@yettercoleman.com

*Attorneys for Plaintiffs-Appellees*


*/s/ Kenneth R. Wynne*
Kenneth R. Wynne
Wynne & Wynne LLP
One City Centre
1021 Main St., Suite 1275
Houston, TX 77002
713-227-8835 (telephone)
kwynne@wynne-law.com

*Attorney for Intervenor-Plaintiff-Appellee Westminster Theological Seminary*

# CERTIFICATE OF SERVICE

I certify that on March 31, 2014, I caused the foregoing to be served electronically via the Court's electronic filing system on the following parties who are registered in the system:

Kenneth Wynne
Email: kwynne@wynne-law.com

Adam Jed
Email: adam.c.jed@usdoj.gov

Alisa Klein
Email: alisa.klein@usdoj.gov

                                              /s/ *Eric C. Rassbach*
                                              Eric C. Rassbach

                                              *Attorney for Plaintiffs-Appellees*

FILED
United States Court of Appeals
Tenth Circuit

March 31, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

_____

| | |
|---|---|
| LITTLE SISTERS OF THE POOR HOME FOR THE AGED, DENVER, COLORADO, a Colorado non-profit corporation, et al.,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services, et al.,<br><br>    Defendants - Appellees.<br><br>-----------------------------<br><br>ASSOCIATION OF GOSPEL RESCUE MISSIONS, et al.,<br><br>    Amici Curiae. | No. 13-1540 |

_____

| | |
|---|---|
| SOUTHERN NAZARENE UNIVERSITY, et al.,<br><br>    Plaintiffs - Appellees,<br><br>v.<br><br>KATHLEEN SEBELIUS, in her official capacity as Secretary of the United States Department of Health and Human Services, et al.,<br><br>    Defendants - Appellants. | No. 14-6026 |

-----------------------------

AMERICAN CIVIL LIBERTIES UNION, et al.,

    Amici Curiae

────────────────────────────────

REACHING SOULS INTERNATIONAL, INC., an Oklahoma not for profit corporation, et al.,

    Plaintiffs - Appellees,

v.

KATHLEEN SEBELIUS, Secretary of the United States Department of Health and Human Services, et al.,

    Defendants - Appellants.

No. 14-6028

────────────────────────────────

**ORDER**

────────────────────────────────

Before **BRISCOE**, Chief Judge, **KELLY**, **LUCERO**, **HARTZ**, **TYMKOVICH**, **GORSUCH**, **HOLMES**, **MATHESON**, **BACHARACH**, **PHILLIPS**, and **MCHUGH**, Circuit Judges.

────────────────────────────────

    These three matters are before the court on the government's *Motion to Consolidate Appeals in Part*. We also have before us responses as well as a reply from the United States. We have considered the motion, the responses and reply en banc, *sua sponte*, in conjunction with our review of the petition for initial en banc review filed in number 13-1540.

Upon consideration, we deny the motion to consolidate. Appeal numbers 14-6026 and 14-6028 will brief separately and will have separate appendices. The separate briefing will apply with respect to the opening briefs, the response briefs and the optional reply briefs. Likewise, the appeals will not be joined for a single oral argument hearing. The court will decide at a later date whether the same panel of judges will hear the matters, and will also determine how and when oral argument will proceed. Those issues remain for consideration.

The opening brief and appendix in number 14-6026, *Southern Nazerene University, et al. v. Sebelius, et al.*, remains due April 7, 2014. The opening brief and separate appendix in number 14-6028, *Reaching Souls International, et al. v. Sebelius, et al.*, remains due April 14, 2014. Finally, the appellees' brief in number 13-1540 remains due the date of this order.

> Entered for the Court
>
> ELISABETH A. SHUMAKER, Clerk